IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTIRCT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY LADD and NICHOLAS BRINDLE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
|     Plaintiffs, | ) ) | No. 3:20-CV-00626 |
| v. | ) ) | CLASS ACTION |
| NASHVILE BOOTING, LLC | ) ) ) | Judge Eli Richardson |
|     Defendant. | ) | Magistrate Judge Alistair E. Newbern |

## FINAL APPROVAL ORDER

This matter coming before the Court on the Plaintiffs and Class's Motion for Final Approval of Class Action Settlement (the "Motion"), after due notice having been given, review and consideration of the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1. This Court has jurisdiction over the parties, the members of the Class, and the claims asserted in this lawsuit.

2. On October 25, 2024, this Court held a hearing on Plaintiffs' Motion for Final Approval of the Class Action Settlement.

3. Pursuant to Fed. R. Civ. P. 23, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Motion, is hereby finally approved as a fair, reasonable, and adequate settlement in the best interests of the Class, in light of the factual, legal, practical, and procedural considerations raised.

4. The Class – as previously certified by this Court (Dkt. 79-80) – is defined as follows:

> All persons who had a vehicle in their possession immobilized by Nashville Booting LLC in Nashville for longer than one hour after requesting removal of the immobilization device, from July 20, 2017 until June 17, 2022, but excluding the claims of non-named parties arising before December 1, 2018 (for whom Nashville Booting does not have any records).

5. The Court finds that the Settlement Agreement was reached in good faith, following arm's-length negotiations, with the assistance of the mediator recommended by the Court. During the Final Hearing, both Parties advised that the mediator, retired magistrate Judge Joe Brown, recommended and approved the final settlement terms.

6. Based on the Declaration of Mark Hammervold and the information provided during the Final Hearing, the Court finds that the notice provided to the Class was the best notice practicable under the circumstances and it satisfied the requirements of due process and Fed. R. Civ. P. 23.

7. No Class Members objected or opted out of the Settlement and Consent Judgment.

8. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including

the members of the Class. Each member of the Class (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Class) shall be bound by the Settlement and Consent Judgment.

9. The Court expressly adopts and incorporates herein all the terms of the Settlement and Consent Judgment. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

10. Based on the evidence presented to the Court and the agreement of the Parties, the Court hereby enters and orders JUDGMENT (the "Judgment") as follows:

  a. The settlement was made by Defendant in reasonable anticipation of incurring substantial costs and expenses in the defense of this lawsuit and the potential liability that would arise from a finding that Defendant acted negligently in failing to unboot the Class' vehicles within one hour, as required by Nashville Ordinance;

  b. Judgment is entered in the amount of $1,000,000.00 (the "Judgment Amount");

  c. The Judgment Amount is fair and reasonable because it is within the range of damages that could be awarded against Defendant for the claims made by Plaintiffs and the Class and is what a reasonably prudent person in Defendant's position would have settled for on the merits of Plaintiffs' claim, as determined by a common sense consideration of the totality of facts bearing on the liability and damage aspects of Plaintiffs' claim, as well as the risks of going to trial, which could result in a judgment substantially higher than the Judgment Amount;

d. The settlement was entered into in good faith following arms-length negotiations;

e. All other remaining claims asserted by Plaintiffs and the Class (Counts III & IV) are hereby dismissed with prejudice.

11. Plaintiffs' litigation expenses in the amount of $9,000 ($6,300 for expenses of class notice and $2,700 for taxable costs recoverable under 28 U.S.C. § 1920) are to be assessed against Defendant in the judgment (separate from the $1,000,000 judgment amount).[1]

12. For their service in this case, this Court approves a service award of $8,000 for Anthony Ladd and a service award of $7,000 for Nicholas Brindle. The Court initially raised a concern about these payments, but the Plaintiffs demonstrated that these Class Representatives spent substantial time originating and aiding the prosecution of this case.

13. Defendant has already paid a $25,000 lump sum amount as part of the settlement. Plaintiffs' Counsel is authorized to allocate that payment as reimbursement for the $6300 in class-notification expenses, the Plaintiffs' share of the mediator's fees ($1000) and the $2700 in taxable costs. The portion being allocated to service awards to the Plaintiffs, and the $1,000 being

---

[1] This amount excludes the Plaintiffs' share of the mediator's invoice ($1,000). The taxable costs were based on the filing fee and deposition-transcript fees ($2,700). Filing fees and transcription costs are clearly taxable under 28 USCS § 1920. As for the expenses of the class notice program approved by the Court ($6300), such expenses are appropriately awarded against a defendant found to be liable. *See Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, (9th Cir. 2009) (district court has authority to assess costs of notice to the defendant); *Hook v. Baker*, 2004 U.S. Dist. LEXIS 26698, *7-8 (S.D. Ohio Sept. 1, 2004) (cost of class notice may be reassessed to defendant if court determined plaintiffs are likely to prevail or after plaintiffs prevail); *c.f. Rodriguez v. Berrybrook Farms, Inc.,* 1990 U.S. Dist. LEXIS 14646, *14-15 (W.D. Mich. Oct. 24, 1990) (awarding costs exclusive of class notice costs to class members, but noting that class notice costs would be awarded in a "subsequent order of this court.").

The Court notes that the final language of paragraph 11 differs from the proposed language that the Court had discussed with the parties during the telephonic conference call of November 13, 2024. However, the Court upon reflection is confident that this final language better reflects what the Court understands it and the parties were trying to express via the language of paragraph 11. Also, the final language of paragraph 13 herein differs somewhat from the proposed language that the Court had discussed with the parties during that telephonic conference, but those changes are entirely for purposes of clarity and are non-substantive.

allocated as reimbursement for mediator fees, shall be considered a payment toward the principal amount owed under the judgment.

14. Class Counsel requested an award of attorneys' fees for their work in this case of one third of the net amount ultimately recovered on the judgement by the Class in any follow-on litigation against Liberty Mutual.[2] At the Final Hearing, this Court tentatively approved this award, but requested that Class Counsel file submit a supplemental filing providing additional information in support of the request.

15. The Class and Class Counsel plan to commence follow-on litigation against Liberty Mutual to attempt to recover proceeds from Nashville Booting's insurance policies. Should that effort be successful, the Class and Class Counsel shall petition that court for approval of any settlement with Liberty Mutual and any distribution of those proceeds among the Class and/or Class Counsel.

16. The Court retains jurisdiction over this action, Plaintiffs and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to the Preliminary Approval Order, the Settlement Agreement, the Final Approval Order and the Judgment, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Final Approval Order.

17. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

---

[2] This award would not preclude Class Counsel from petitioning any court for a separate fee award for additional work Class Counsel performs for the same class in follow-on litigation against Liberty Mutual.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE